**Affirmed and Memorandum Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00727-CR

---

### JOSE ADRIAN GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 179th District Court
### Harris County, Texas
### Trial Court Cause No. 1243958

---

## MEMORANDUM OPINION

A jury convicted appellant Jose Adrian Garcia of murder, and the trial court sentenced him to forty-five years in prison. Appellant challenges his conviction in a single issue, arguing that his trial counsel rendered ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was convicted of the murder of Bonifacio Juarez, the complainant, by asphyxiating him with a cable. The complainant's wife testified that she was

having an affair with appellant. The last time she saw the complainant, he was driving away in a vehicle with appellant. Following an investigation, law enforcement authorities traced tire tracks left at the scene where the complainant's body was found. It was determined that the tires were unique, and that they matched the tires on appellant's vehicle. After his arrest, appellant waived his Miranda[1] rights and admitted strangling the complainant with a red cable and disposing of the body.

Appellant testified at trial in his own defense. He testified that he was with the complainant and a man named Jacinto Martinez on the night the complainant was killed. Appellant admitted an affair with the complainant's wife, but testified that Martinez killed the complainant. Appellant testified that he was driving his vehicle on the night of the offense with the complainant in the front passenger seat, and Martinez in the back seat. Appellant parked the car near Martinez' former residence and stepped away from the vehicle to relieve himself. Contrary to his earlier statement made to the police, appellant testified that when he returned to the car, the complainant was not moving and had the red cable around his neck. Appellant drove to another location where he and Martinez disposed of the complainant's body. A jury convicted appellant of murder.

### ANALYSIS

In a single issue, appellant contends he was denied effective assistance of counsel because his trial counsel failed to challenge for cause two veniremembers who expressed bias and served on the jury. Specifically, appellant contends his trial counsel rendered ineffective assistance in failing to challenge for cause Juror Number Six and Juror Number Ten.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

During questioning of Juror Number Six, the following occurred:

MR. McCULLOUGH [defense counsel]: . . . Having heard the voir dire examination, the questions, and observing my client and all of those factors, have you formed any opinion or conclusions from what you heard or seen?

VENIREPERSON: Somewhat, yes.

MR. McCULLOUGH: And what would that be?

VENIREPERSON: That he might be guilty.

MR. McCULLOUGH: Might be guilty.

VENIREPERSON: Uh-huh.

MR. McCULLOUGH: Okay. Well, I think everybody here would have the opinion that anybody sitting there might be guilty. But the law says he's not guilty until the 12 of you who sit there say he is guilty. Up until that time, he is a suspect or the accused or whatever word you want to use. And what factors have you heard reinforced your belief that he might be guilty?

VENIREPERSON: I guess just that fact that he — like the object that he used to kill this person.

MR. McCULLOUGH: Okay. What object was that?

VENIREPERSON: They said a cable. So, I mean, he obviously had to do something pretty — he obviously had to try pretty hard if he was using a cable, you know.

MR. McCULLOUGH: Okay.

THE COURT: Can you wait until you have heard all the evidence?

VENIREPERSON: Yeah.

THE COURT: No evidence has been presented. The indictment can't be used against him just because he is here. Can you wait until you have heard all the evidence before you make a decision?

VENIREPERSON: Yeah. Of course. That's what I said.

THE COURT: Have you made a decision already?

VENIREPERSON: No, no.

During voir dire, trial counsel had the following discussion with Juror

3

Number Ten:

> MR. McCULLOUGH: Sir, you have heard the discussion of the high burden that's placed on the District Attorney to prove his case. Do you recall that? Does that seem like an unfair burden to place on the State to prove someone's guilty of a criminal offense? Do you think it ought to be easier for the State to make their case?
>
> VENIREPERSON: Yes.
>
> MR. McCULLOUGH: You do? So, you think the burden of proving a case beyond a reasonable doubt is too difficult for the — or should be less than that?
>
> Should be less than beyond a reasonable doubt?
>
> VENIREPERSON: You have to prove yourself.
>
> MR. McCULLOUGH: You think it should be easier or harder for the State to prove their case?
>
> VENIREPERSON: If the State has all the evidence, that would be easy to prove.

Trial counsel did not challenge either Juror Number Six or Juror Number Ten for cause, nor did he exercise a peremptory challenge to remove either veniremember. Both served on appellant's jury. Appellant argues that counsel rendered ineffective assistance in failing to challenge the jurors for cause because they exhibited a potential for bias.

We first address the State's argument that this Court should not review appellant's claim. The State argues that in a direct appeal such as this one, where the appellant failed to file a motion for new trial alleging ineffective assistance of counsel or otherwise introduce evidence of trial counsel's reasons for the challenged conduct, this Court should "summarily refuse to review" appellant's ineffective assistance of counsel claim. The Court of Criminal Appeals has determined, however, that appellate courts must review all ineffective assistance claims. Although "[d]irect appeal is usually an inadequate vehicle for raising [a

4

claim of ineffective assistance] because the record is generally underdeveloped," such a claim may nonetheless succeed. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Absent an opportunity for trial counsel to explain his or her actions, appellate courts should not hold that counsel rendered ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* Because trial counsel had no such opportunity here, we address appellant's claims of ineffective assistance under the standard announced in *Goodspeed*.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) the deficient performance caused appellant prejudice because there is a probability sufficient to undermine confidence in the outcome that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (*citing Strickland v. Washington*, 466 U.S. 668 (1984)). For an appellate court to hold that trial counsel's performance was deficient, the record must affirmatively demonstrate the deficiency. *Lopez*, 343 S.W.3d at 142. "[I]n almost all cases," direct appeal is an inadequate vehicle for raising an ineffective assistance claim because the record is generally underdeveloped. *See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Ordinarily, counsel should have an opportunity to explain his or her actions before being held ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Because appellant raises counsel's allegedly deficient performance for the first time on direct appeal, it must be apparent from the record "that counsel's performance fell below an objective standard of reasonableness as a

5

matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez*, 343 S.W.3d at 143. In other words, as explained above, counsel's conduct must be "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 393.

Appellant argues that both Juror Number Six and Juror Number Ten expressed bias against appellant and that, as a matter of law, both would have been excused from the jury had trial counsel made an appropriate challenge for cause.

Assuming that both jurors expressed bias toward appellant, we consider whether counsel may nevertheless have had some strategy relative to jury selection. *See Delrio v. State*, 840 S.W.2d 443, 444–47 (Tex. Crim. App. 1992). In *Delrio*, during the defendant's trial for cocaine possession, counsel failed to challenge for cause or use a peremptory challenge against a panel member who stated during voir dire that he was a former narcotics officer, knew the defendant by virtue of this employment, and could not be fair and impartial. *Id.* at 444–45. This admittedly biased juror served on Delrio's jury. *Id.* at 445. The court recognized that a single partial juror will vitiate a conviction; however, the right to trial by impartial jury is subject to waiver or forfeiture by the defendant in the interest of overall trial strategy. *Id.* at 445–46; *see also State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008).

On a cold record, the court held there was insufficient basis to overcome the presumption that counsel was better positioned than the appellate court to judge the pragmatism of the case, and that he made all significant decisions in the exercise of reasonable professional judgment. *Delrio*, 840 S.W.2d at 446–47. As the court explained, "[w]aiver of [a] client's right to insist that every juror in the case be in all things fair and impartial may in counsel's best professional judgment have been

an acceptable gamble." *Id.* at 447; *see also Morales*, 253 S.W.3d at 696–98 (citing *Delrio* when holding Morales' counsel not ineffective for failing to exercise peremptory challenge, after challenge for cause denied, against panel member who was an assistant district attorney in office prosecuting defendant).

Likewise, on this cold record, we cannot foreclose the possibility that appellant's counsel had a strategic reason for failing to further question or challenge Juror Number Six and Juror Number Ten. Although the veniremembers in this case expressed a potential implied bias, according to precedent of the Court of Criminal Appeals, this is not sufficient to overcome the presumption his counsel exercised reasonable professional judgment during jury selection. *See Delrio*, 840 S.W.2d at 446–47; *Morales*, 253 S.W.3d at 696–98. Moreover, trial counsel has not been given a chance to explain his actions. In light of *Delrio*, we certainly cannot say that counsel's decision not to challenge these jurors was so outrageous that no competent attorney would have reached that decision.

Appellant further argues that although his complaint about trial counsel's conduct during voir dire forms the basis of his ineffective assistance claim, "certain actions taken by trial counsel during the remaining portions of the trial are worth noting, as they further demonstrate cumulative deficient conduct." Appellant claims his counsel failed to call rebuttal witnesses or make a closing argument during the hearing on the motion to suppress his pretrial statement. Appellant also argues that during the testimony of the complainant's wife, trial counsel made a meritless objection that the prosecutor was testifying for the witness. Appellant claims trial counsel did not understand "a long recognized exception to the rule excluding leading questions on direct examination . . . when a witness has difficulty communicating in English."

With regard to admission of evidence, appellant argues trial counsel made a

7

meritless objection to the admission of the transcripts of appellant's written statement. Counsel objected on the grounds that the transcripts were not admissible because they did not bear appellant's signature.

Appellant further complains that his trial counsel did not object to the admission of 29 exhibits at the same time. At the time the exhibits were admitted, the trial court asked counsel if he had an objection to the quantity of exhibits, but counsel stated he had no objection.

Appellant further claims that counsel's closing argument was unusually brief when compared to the length of the State's argument. Finally, appellant argues his counsel demonstrated deficient conduct because of a typographical error in the date listed in a pretrial motion for interim attorney's fees.

Appellant did not include any of the above contentions in his issue on appeal, nor does he explain how he was prejudiced by the alleged errors. Absent evidence of why counsel engaged in the conduct complained of, we cannot conclude that counsel's actions in failing to present rebuttal witnesses, making unnecessary objections, failing to make an objection, making a brief closing argument, or filing a pretrial motion with a typographical error, were so outrageous that no competent attorney would have engaged in that conduct. *See Menefield*, 363 S.W.3d at 593. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

/s/ J. Brett Busby
   Justice

Panel consists of Justices Jamison, McCally, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).